74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard C. GRAHAM, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3685.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1996.
 
 Before NEWMAN, PLAGER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 INTRODUCTION
 
 1
 This case is an appeal from Graham v. United States Postal Service, Docket Number SF-0752-SF-0752-9500092-I-1. The Merit Systems Protection Board ("Board") upheld the United States Postal Service's ("USPS") decision to remove Mr. Graham for irregular attendance and absence without leave. For the reasons set forth below, the Board's decision is affirmed.
 
 BACKGROUND
 
 2
 Mr. Graham was removed from his position of Mail Processor based on USPS allegations of 39 incidents of irregular attendance and absence without leave ("AWOL"). In addressing the USPS allegations, the Board reviewed (1) the appellant's time and attendance records, (2) documentary evidence of the agency's rules governing leave and Mr. Graham's placement on sick leave restrictions, and (3) the testimony of Mr. Graham's supervisor, Ronald Chu. The Board found that Mr. Graham was AWOL on at least 4 days. The Board also found, based on Mr. Chu's testimony, that Mr. Graham was on Restricted Sick Leave and was required to provide medical verification upon his return. However, Mr. Graham failed to present acceptable documentation to support his absence. At the Board hearing, Mr. Graham admitted that his attendance was irregular. Further, he did not dispute that he was absent or late on the dates charged as AWOL or tardy.
 
 DISCUSSION
 
 3
 The court will uphold Board findings and conclusions unless they are found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1995). The Board was presented with ample evidence about Mr. Graham's erratic attendance, including Mr. Graham's own admission. The fact that the agency treated other employees with different attendance problems differently is not a defense to the charge of inadequate attendance by petitioner. The Board did not abuse its discretion in upholding the USPS's decision, and there is substantial evidence to support the board's findings. Accordingly, the Board's decision is
 
 
 4
 AFFIRMED.